Dear Representative Hill:
This opinion is in response to your questions asking:
 (1) Whether under Mo. Rev. Stat. § 52.020.2 (1986) the county commission may require a bond of less than "the sum equal to one-fourth of the largest amount collected during any one month of the year immediately preceding his election or appointment, plus ten percent of the amount" when the commission has required the third or fourth class county collector to make daily deposits.
 (2) Whether the payment of bond for one month in the amount specified in Mo. Rev. Stat. § 52.020.1 and the payment of less than "the sum equal to one-fourth of the largest amount collected . . ." specified in Mo. Rev. Stat. § 50.020.2 for eleven months meets the bond requirement of Mo. Rev. Stat. §§ 52.020.1 and 52.020.2.
You have informed us that the county involved is a third class county and that the county commission has required the county collector to make daily deposits.
Section 52.020, RSMo 1986, provides:
 52.020. Bond — deposits of collections. — 1. Every collector of the revenue in the various counties in this state, and the collector of the revenue in the city of St. Louis, before entering upon the duties of his office, shall give bond and security to the state, to the satisfaction of the county commissions, and, in the city of St. Louis, to the satisfaction of the mayor of the city, in a sum equal to the largest total collections made during any one month of the year preceding his election or appointment, plus ten percent of the amount; but no collector shall be required to give bond in excess of seven hundred and fifty thousand dollars. The bond shall be conditioned that he will faithfully and punctually collect and pay over all state, county and other revenue for the four years constituting his term of office, and that he will in all things faithfully perform all the duties of the office of collector according to law. The official bond shall be a surety bond with a surety company authorized to do business in this state. The premium of the bond shall be paid by the county or city protected by it.
 2. In all third and fourth class counties the county commission may require the county collector to deposit daily all collections of money in the depositaries selected by the county commission in accordance with the provisions of sections 110.130 to 110.150, RSMo, to the credit of a fund to be known as "County Collector's Fund". The depositaries are bound to account for the moneys in the county collector's fund in the same manner as the public funds of every kind and description going into the hands of the county treasurer and shall provide security for the deposits in the manner required by section 110.010, RSMo. If daily deposits are required to be made, the county commissions may also require that the bond of the county collector shall be in the sum equal to one-fourth of the largest amount collected during any one month of the year immediately preceding his election or appointment, plus ten percent of the amount. No county collector shall be required to make daily deposits for days when his collections do not total at least one hundred dollars.
 3. The collector shall not check on the county collector's fund except for the purpose of making the monthly distribution of taxes and licenses collected for distribution as provided by law or for balancing accounts among different depositaries.
(Emphasis added.)
In interpreting a statute, the primary rule of statutory construction is to ascertain the intent of the lawmakers from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning. Metro Auto Auction v. Director of Revenue,707 S.W.2d 397 (Mo. banc 1986). Where the language of a statute is plain and admits of but one meaning, there is no room for construction and the statute must be construed as it stands.State ex rel. Missouri State Board of Registration for HealingArts v. Southworth, 704 S.W.2d 219 (Mo. banc 1986).
Subsection 2 of Section 52.020 allows a county commission which has required daily deposits to require a bond in the sum equal to one-fourth of the largest amount collected during any one month of the year immediately preceding the county collector's election or appointment, plus ten percent of the amount. The amount of the bond permitted under subsection 2 of Section 52.020 is substantially less than the amount of the bond required under the provisions of subsection 1 of Section52.020. There is no statutory provision allowing the county commission to set the amount of the bond at less than the amount provided in subsection 2 of Section 52.020. Where a statute limits the doing of a particular thing in a prescribed manner, it necessarily includes in the power granted the negative that it cannot be otherwise done. State ex rel. State HighwayCommission v. County of Camden, 394 S.W.2d 71 (Mo.App. 1965). Therefore, in response to your first question, the county commission may not require a bond less than the amount specified in subsection 2 of Section 52.020, a bond in the sum equal to one-fourth of the largest amount collected during any one month of the year immediately preceding the county collector's election or appointment, plus ten percent of the amount.
In your second question, you ask whether a bond for one month in the amount specified in subsection 1 of Section 52.020
and a bond for the other eleven months in a sum less than one-fourth of the largest amount collected during any one month of the year immediately preceding the county collector's election or appointment, plus ten percent of the amount would meet the requirements of Section 52.020. As previously discussed, the amount of the bond may not be less than that provided in subsection 2 of Section 52.020. The proposed bond as set forth in your second question does not meet the statutory requirement.
CONCLUSION
It is the opinion of this office that the amount of the bond of the county collector in a third class county where the county commission has required daily deposits may not be in a sum less than one-fourth of the largest amount collected during any one month of the year immediately preceding the county collector's election or appointment, plus ten percent of the amount.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General